**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **TEXAS CAPITAL BANK, N.A.** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **Case No. 4:13cv625** |
| | § | |
| **DALLAS ROADSTER, LTD., ET AL.** | § | |
| | § | |
| **Defendant.** | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is Dallas Roadster, Ltd.'s Motion to Reconsider and Rescind Receivership Order (Dkt. 72). As set forth below, the Court finds that the motion should be DENIED.

The genesis of this dispute arises out of a state court receivership order obtained by Texas Capital Bank on November 16, 2011. Dallas Roadster contends that the receivership was obtained improperly and, in fact, by false representations to the state court. Apparently, Texas Capital Bank ("the Bank") received a subpoena in September 2010 from the DEA regarding an investigation into possible money laundering by one of the owners of Dallas Roadster. Dallas Roadster, a car dealer, has an ongoing business relationship with the Bank in the form of notes, revolving lines of credit, and personal guarantees.

Sometime after the subpoena was served, the Bank started a daily audit on Dallas Roadster's premises. This went on for several months.

1

On October 26, 2011, the Bank sent a Notice of Default under the loan documents because the Bank contended that Dallas Roadster had sought financing from another bank. The DEA, through its agent Richard Gardner, was in contact with the Bank and, in fact, had emailed the Bank as early as November 2, 2011 notifying the Bank of the "Take Down." On November 9, 2011, Agent Gardner notified the Bank that one of the principals of Dallas Roadster had been indicted. Gardner informed the Bank that arrest warrants and search warrants would be served on November 16, 2011. It was at this time that Dallas Roadster contends that the Bank started plotting its exit strategy via a receivership.

On November 15, 2011, the Bank sent Dallas Roadster its Notice of Acceleration. Again, the basis for the acceleration was stated to be the matter of Dallas Roadster seeking alternative financing. Nothing was said concerning the criminal indictment.

On November 16, 2011, the Bank filed its original petition and application for appointment of a receiver in state court. The Bank relied, in part, on its loan documents, indicating that, in the event of default, Dallas Roadster had consented to the appointment of a receiver. The lawyer for the Bank, Jennifer Owen, sought an *ex parte* application, stating that, if notice were given, the subject matter of the receivership estate could be impaired. Dallas Roadster also argues that the affidavits supporting the application and signed by the Bank's Senior Vice President, Paul Noonan, were false. He simply lacked personal knowledge and admitted to such later on. In effect, Dallas Roadster argues that the Bank's conduct subverted the Dallas Local Rules on notice as to an emergency receivership.

Texas Capital argues that the receivership order was never appealed. The prevailing case law as to the appointment of a receiver indicates that such is an interlocutory order and must be appealed within 20 days. *See Gibson v. Cuellar*, 440 S.W.3d 150, 152-56 (Tex. App – Houston [14th Dist.] 2013, no pet). The challenge to the receivership is waived if not appealed within 20 days. *See Sclafani v. Sclafani*, 870 S.W. 2d 608, 611,613 (Tex. App. – Houston [1st Dist.] 1993, writ denied).

Here, the deadline to appeal was December 6, 2011. The state court order became final at that time. Dallas Roadster did not file its bankruptcy until December 12, 2011. The underlying challenge to the granting of the receivership comes years after the state court granted it.

Although as Dallas Roadster contends there may have been a lack of candor with the state court, Dallas Roadster never appealed. Moreover, Dallas Roadster was in receivership only a short period of time before electing to file for bankruptcy. Having failed to appeal forecloses any review of a moot issue. In effect, it appears that Dallas Roadster is seeking some kind of an advisory order from the Court that the foreclosure was wrongful.

The Court further finds that a receiver's statutory power to protect and marshal assets would be severely compromised if a federal court could second guess every state court receivership order, particularly if the party complaining of such never bothered to appeal the order. *See generally Becker v. Green*, 2009 WL 2948463, *4 (M.D. La. 2009). For these reasons, it is recommended that Dallas Roadster, Ltd.'s Motion to Reconsider and Rescind Receivership Order (Dkt. 72) be DENIED.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(c).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.; Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 13th day of January, 2015.**

DON D. BUSH
UNITED STATES MAGISTRATE JUDGE