**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| TEXAS CAPITAL BANK, N.A., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | CIVIL ACTION No. 4:13-CV-625 |
| v. | § | |
| | § | JUDGE RON CLARK |
| DALLAS ROADSTER, LTD., et al., | § | |
| | § | VSL |
| *Defendants.* | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The court referred this case to the Honorable Don Bush, United States Magistrate Judge, for pretrial proceedings. (Dkt. # 8). Defendant Dallas Roadster, Ltd. ("DR") has filed a Motion for Contempt against Texas Capital Bank ("TCB"). (Dkt. # 193). DR contends that TCB, with the assistance of its officers, committed fraud on the state court which granted a receivership. However, DR filed for bankruptcy rather than challenging the state court order. On June 5, 2015, the Magistrate Judge entered a Report and Recommendation containing proposed findings of fact and recommendations that DR's Motion for Contempt (Dkt. # 193) be DENIED. On June 18, 2015, DR filed its Objections to the Report and Recommendation (Dkt. # 239), and on July 6, 2015, TCB filed its Response to DR's Objections (Dkt. # 251).

A party that files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(c) (Supp. IV 2011); Fed. R. Civ. P. 72(b)(2)-(3). "Parties filing objections must specifically identify those findings [to which they object]. Frivolous, conclusive or general objections need not be considered by the district court."

*Nettles v. Wainright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1412 (5th Cir. 1996) (en banc). After considering DR's objections, the court finds that they are without merit and that the Magistrate Judge's findings and conclusions are correct.

I.      **Despite "Federalization," the State Court's Receivership Order Is Nonappealable.**

DR first objects to the Magistrate Judge's citation to the opinion in *Kirk v. Milwaukee Dust Collecting Manufacturing Co.*, 26 F. 501 (C.C. E.D. Wis. 1885) for the proposition that a federal court in a removed action cannot impose punishment for an offense committed against the authority of the state court from which the action was removed. DR argues that since *Kirk*, the Fifth Circuit has repeatedly held that the underlying pleadings of the state court must be considered "federalized" when they are moved to federal court.

When a Texas state court enters an order appointing a receiver, that order remains an interlocutory order for twenty days.[1] The Texas Civil Practice and Remedies Code expressly authorizes an appeal from interlocutory orders of the district court appointing a receiver. Tex. Civ. Prac. & Rem. Code § 51.014(a)(1). Pursuant to the Texas Rules of Appellate Procedure, an interlocutory appeal "must be filed within 20 days after the judgment or order is signed." Tex. R. App. P. 26.1(b). Appeals from interlocutory orders are "accelerated" and are "perfected by filing a notice of appeal in compliance . . . with the time allowed by Rule 26.1(b)." Tex. R. App. P. 28.1(a)-(b). If the opposing party does not appeal the receivership order within twenty days, the order becomes final, and the party waives its right to later challenge the order. *See, e.g.*, *Gibson v. Cuellar*, 440 S.W.3d 150, 155 (Tex. App. – Houston [14th Dist.] 2013, no pet.); *Pouya*

---

[1] This court's position on DR's impermissible collateral attack on the state court receivership issue was discussed in detail in the Magistrate Judge's Report and Recommendation on DR's Motion to Rescind the Receivership Order (Dkt. # 168), which was adopted by District Judge Schell (Dkt. # 181). For clarification, the court expands on its reasoning here.

2

*v. ZP Interests, Inc.*, No. 03-07-00059-CV, 2007 WL 2462001, at *6 (Tex. App. – Austin Aug. 13, 2007); *Sclafani v. Sclafani*, 870 S.W.2d 608, 611 (Tex. App. – Houston [1st Dist.] 1993, writ denied); *Loomis Land & Cattle Co. v. Diversified Mortg. Investors*, 533 S.W.2d 420, 423 (Tex. App. – Tyler 1976, writ ref'd n.r.e.).

DR argues that it did not waive its right to challenge the state court receivership order by failing to take an interlocutory appeal.[2] DR contends that the language of section 51.014 of the Texas Civil Practices and Remedies Code, the right to an interlocutory appeal is permissive rather than mandatory. In support, DR relies on a recent Texas Supreme Court case *Hernandez v. Ebrom*, which DR argues rejected the notion that the "may" language in section 51.014(a) of the Texas Civil Practice and Remedies Code means "must." *See* Tex. Civ. Prac. & Rem. Code § 51.014(a) ("A person may appeal from an interlocutory order of a district court, county court at law, statutory probate court, or county court that: (1) appoints a receiver or trustee . . . ."); *Hernandez v. Ebrom*, 289 S.W.3d 316, 318 (Tex. 2009).

DR's reliance on *Hernandez* is misplaced. In *Hernandez*, the Texas Supreme Court was attempting to resolve a health care liability dispute between a defendant-doctor and a plaintiff-patient. 289 S.W.3d at 317. The specific issue before the Court was whether the defendant-doctor's failure to challenge the adequacy of an expert report by interlocutory appeal precluded a challenge of the report by appeal from a final judgment when the plaintiff-patient later nonsuited before trial.[3] *Id.* The Court held that because the "plain language of [Section 51.014(a)] says an

---

[2] DR makes this argument in its briefing regarding its Motion to Rescind the Receivership and its objections to the Magistrate Judge's Report and Recommendation on the Motion to Rescind the Receivership. *See* Dkt. ## 72, 86, 169. Because these arguments relate to why the court is adopting the Magistrate Judge's Report and Recommendation denying DR's Motion for Contempt, the court reviews these arguments here.

[3] The court notes three crucial differences between *Hernandez* and the case at hand: (1) the plaintiff in *Hernandez* nonsuited, which under Texas law disposes of a plaintiff's claims, but

interlocutory appeal 'may' be taken from an order denying a challenge to an expert report, an interlocutory appeal is permitted but not mandated," and thus, the defendant-doctor's "failure to pursue an interlocutory appeal did not waive [his] right to challenge the order after [the plaintiff-patient] nonsuited and final judgment was entered." *Id.* at 318.

In *Hernandez*, the Texas Supreme Court examined the text of sections 51.014(a)(9) and 74.351 of the Texas Civil Practice and Remedies Code to determine whether the timing provision was mandatory. *Id.* at 319. Because neither section contained a noncompliance penalty for not pursuing an interlocutory appeal of an order regarding expert report, the Court reasoned that the interlocutory appeal was merely permissive and not mandatory, and that the opposing party was not precluded from appealing the order on the expert report after final judgment. *Id.* (citing *Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 495 (Tex. 2001) ("To determine whether a timing provision is mandatory, we first look to whether the statute contains a noncompliance penalty.")). Likewise, neither the text of section 51.014(a)(1) of the Texas Civil Practice and Remedies Code nor the text of Rules 26.1 or 28.1 of the Texas Rules of Appellate Procedure contain noncompliance penalties. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(1); Tex. R. App. P. 26.1, 26.8.

"When a statute is silent about the consequences of noncompliance, we look to the statute's purpose to determine the proper consequences." *Helena Chem. Co.*, 47 S.W.3d at 494

---

not a defendant's pending counterclaims or a defendant's right to affirmative relief; (2) the Court in *Hernandez* was interpreting section 51.014(a)(9) and section 74.351 of the Texas Civil Practice and Remedies Code, while provisions applicable to the case at hand are section 51.014(a)(1) of the Texas Civil Practice and Remedies Code and Rules 26.1 and 28.1 of the Texas Rules of Civil Procedure; and (3) the Court in *Hernandez* was interpreting the Medical Liability Insurance Improvement Act, while this court is interpreting the case law regarding the finality of receivership orders.
  Even though *Hernandez* is distinguishable from and thus inapplicable to the case at hand, the court explains why DR's arguments fail on the merits.

(citing *Albertson's, Inc. v. Sinclair*, 984 S.W.2d 958, 961 (Tex. 1999); *Schepps v. Presbyterian Hosp. of Dallas*, 652 S.W.2d 934, 937-38 (Tex. 1983); *Chisolm v. Bewley Mills*, 287 S.W.2d 943, 945 (1956)). One purpose of section 51.014(a)(1) of the Texas Civil Practice and Remedies Code is to ensure finality of orders appointing receivers. *See, e.g.*, *Gibson*, 440 S.W.3d at 156 ("Permitting appeals [of receivership orders past the deadline for interlocutory appeal] would work against finality interests."); *Sclafani*, 870 S.W.2d at 611 ("Furthermore, an unlimited time to appeal would mean that the order of receivership would *never* be beyond challenge, and thus attain the finality upon which the parties, the receiver, and those who have transacted with the receiver, are entitled to depend.") (emphasis in original). With this purpose in mind, unlike in *Hernandez*, the interlocutory appeal allowed by section 51.014(a)(1) of the Texas Civil Practice and Remedies Code must be mandatory rather than permissive. Tex. Civ. Prac. & Rem. Code § 51.014(a)(1); *compare Hernandez*, 289 S.W.3d at 318-21 *with Helena Chem. Co.*, 47 S.W.3d at 493-94. Thus, DR was required to appeal the state court order appointing a receiver within the twenty-day deadline of Rules 26.1 and 28.1 of the Texas Appellate Rules of Procedure.

The state court entered the order appointing the receiver on November 16, 2011. Order Appointing Receiver, Dkt. # 48-4. The deadline to appeal the state court order was December 6, 2011, twenty days after the state court entered the order. *See* Tex. R. App. P. 26.1, 28.1. The state court order became final at that time. *See Gibson*, 440 S.W.3d at 155; *Pouya*, 2007 WL 2462001, at *6; *Sclafani*, 870 S.W.2d at 611; *Loomis Land & Cattle Co*, 533 S.W.2d at 423.

Rather than appeal the order, DR filed for bankruptcy. DR filed for bankruptcy on December 12, 2011. R&R of U.S. Bankr. Judge, Dkt. # 1-1, at p. 2, ¶ 2. On December 21, 2012, TCB removed the state court action to the United States Bankruptcy Court for the Eastern District of Texas, Sherman Division. *Id.* at p. 2, ¶ 3. DR now argues that at that point, this case

became "federalized" and contends that the federal court must "take[] the case as it finds it, subject to the applicable federal rules, and treat[] everything that occurred in the state court as if it had taken place in federal court." DR Obj., Dkt. # 239, at p. 3-4 (citing *Savell v. Southern Ry.*, 93 F.2d 377, 379 (5th Cir. 1937); *Vernon Sav. & Loan Ass'n v. Commerce Sav. & Loan Ass'n*, 677 F. Supp. 495, 498 (N.D. Tex. 1988)). In essence, DR asks the court to re-open a state court order—an order that became final due to DR's failure to appeal that order within the applicable state law deadlines—and retroactively apply federal rules of civil procedure to reconsider that state court order.

Although this court agrees that the case has been "federalized," contrary to what DR leads the court to believe, the concept of federalization ensures that the federal court takes the case up "where the state court left it off," accepts "the case in its current posture as though everything done in state court had in fact been done in the federal court," and serves judicial economy "by eliminating the need for duplicative proceedings in federal court." *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1303 (5th Cir. 1988) (citing *Savell*, 93 F.2d at 379) (internal quotations omitted). The concept of federalization does not allow federal courts to retroactively apply the Federal Rules of Procedure or the Federal Rules of Appellate Procedure to re-open state court orders that became final before the state court case was removed. *Cf. O'Carolan v. Puryear*, 70 F. App'x 751, 751-52 (5th Cir. 2003) ("The Federal Rules of Civil Procedure 'apply to civil actions removed to the United States district courts from the state courts and govern procedure *after removal*.'") (quoting Fed. R. Civ. P. 81(c)) (emphasis in original); *see also In re Meyerland*, 960 F.2d 512, 520 (5th Cir. 1992) (en banc) ("A case removed from state court simply comes into the federal system in the same condition in which it left the state system."). DR's objection on this ground is overruled.

## II. The Magistrate Judge's Reliance on *Kirk* Is Not Misplaced.

DR also objects that Magistrate Judge improperly relied upon the *Kirk* opinion as its "sole authority" for denying DR's Motion for Contempt on procedural grounds. Because the Magistrate Judge cited to various cases, including those from the Fifth Circuit, in making his finding that this court has no jurisdiction to consider the contempt action, the court finds that DR's objection that *Kirk* was the "sole" authority unconvincing. *See* R&R, Dkt. # 236 (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991); *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 833 (1994); *Nye v. United States*, 313 U.S. 33 (1941); *Leman v. Krentler-Arnold Hinge Last Co.*, 284 U.S. 448, 454 (1932); *United States v. Barnett*, 330 F.2d 369, 385 (5th Cir. 1963); *T.F. Hart Inv. Co. v. Great E. Oil Co.*, 27 F. Supp. 713, 715 (E.D. Tex. 1939)). DR's objection on this ground is overruled.

## III. This Ruling Does Not Create a Legal "No Man's Land." DR's Own Failure to Act Deprived It of Its Remedy.

DR also objects that the Magistrate's Recommendation that the court does not have jurisdiction to hear the Motion for Contempt "drops the Plaintiff's misconduct into a legal 'no man's land,' where false and/or misleading representations to a court are reachable by neither the federal nor state court." DR Obj., Dkt. # 239, at p. 3. As stated in the Magistrate Judge's Report and Recommendation, and as discussed in detail above, DR had a remedy—DR could have pursued an interlocutory appeal from the state court receivership order. For reasons unknown to the court, DR chose not to pursue that remedy. *See Green Diesel, LLC v. VicNRG, LLC*, No. 14-13-00017-CV, 2013 WL 3354645, at *3 (Tex. App. – Houston [14th Dist.] July 2, 2013) ("Errors in receivership procedure may be waived."). DR's objection on this ground is overruled.

**IV. The Alleged Misconduct Did Not Occur Within This Court's Presence or Near Thereto.**

DR also objects to the Magistrate Judge's finding that the conduct did not occur in this court's presence or near thereto, arguing that "the original acts of misrepresentation—that there were imminent dangers of material harms to the collateral, for example—have since been reaffirmed in federal deposition testimony, effectively coming before this Court." DR Obj., Dkt. # 239, at p. 3; *see also* 18 U.S.C. § 401 ("A court of the United States shall have power to punish by fine or imprisonment or both . . . contempt of its authority, and none other, as (1) Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice . . . ."). DR has not cited any authority to show how such testimony could be considered contempt before this court, and based upon this court's reading of the case law and applicable statute, the conduct complained of must be what occurs in the court's presence or near thereto. *See, e.g.*, *in re Fema Trailer Formaldehyde Prods. Liab.*, 401 F. App'x 877, 882 (2010) ("'A party commits contempt when he violates a definite or specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order.'") (quoting *SEC v. First Fin. Grp. of Tex.*, 659 F.2d 660, 669 (5th Cir. 1981)). That the alleged misconduct was "reaffirmed" in the deposition testimony is of no import, and the Magistrate Judge's analysis regarding the alleged misconduct here is correct. DR's objection on this ground is overruled.

Finally, DR argues that this court is in the best position to rule on DR's Motion for Contempt because TCB's counsel accused of making the misrepresentations, Higier Allen, remains before this court. This objection is without merit. Again, the allegedly contemptuous acts did not occur in the presence of this court. DR's objection on this ground is overruled.

8

Finding that DR's objections are without merit, the court ADOPTS the Magistrate Judge's Report and Recommendation (Dkt. # 236) as the findings and conclusions of the court. IT IS THEREFORE ORDERED that DR's Motion for Contempt (Dkt. # 193) is DENIED.

**So ordered and signed on**

**Aug 5, 2015**

_____
Ron Clark, United States District Judge