**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| TEXAS CAPITAL BANK, N.A., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | CIVIL ACTION No. 4:13-CV-625 |
| v. | § | |
| | § | JUDGE RON CLARK |
| DALLAS ROADSTER, LTD., et al., | § | |
| | § | VSL |
| *Defendants.* | § | |

# MEMORANDUM ORDER REGARDING OBJECTIONS TO REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE ON MOTIONS FOR SUMMARY JUDGMENT

On March 4, 2015, the Magistrate Judge issued a Report and Recommendation on Plaintiff Texas Capital Bank's ("TCB") Motion No. 1 to dismiss First Amended Counterclaims of Dallas Roadster, Ltd. ("DR") (Dkt. # 44), TCB's Motion No. 2 to Dismiss First Amended Counterclaims of Bahman Khobahy ("Khobahy") (Dkt. # 46), TCB's Motion No. 3 to Dismiss First Amended Counterclaims of Bahman Hafezamini ("Hafezamini") (Dkt. # 47), DR's Motion for Partial Summary Judgment (Dkt. # 101), and TCB's Motion for Summary Judgment on All Claims and Counterclaims (Dkt. # 104). (Dkt. # 173). Khobahy, DR, Hafezamini, and TCB each filed timely objections to the Magistrate Judge's Order, on which each party was entitled to a de novo review. (Dkt. ## 174, 175, 176, 177). On March 30, 2015, District Court Judge Schell entered an Order Adopting the Report and Recommendation. (Dkt. # 181). To streamline the presentation of evidence at trial, the court clarifies the rulings on these objections.

**I.    Khobahy's Objections**

Khobahy first argues that the Report and Recommendation is silent as to whether it was granting TCB's summary judgment against Khobahy as a guarantor "under the loose theory that Khobahy as a guarantor must indemnify TCB." Khobahy Obj., Dkt. # 174, at p. 3. The Report and Recommendation is not silent as to this issue. Rather, the Magistrate Judge stated,

> TCB has sued the Guarantors under their unlimited guaranties. Essentially, the Guarantors agree that TCB may proceed against them without pursuing DR and without regard to whether it pursues its options as to any collateral. It is a very broad but enforceable guaranty. Based on the plain language of the documents before the Court, summary judgment for TCB should be granted as to those claims.

R&R, Dkt. # 173, at p. 20. As the R&R is not silent, the court overrules Khobahy's objection on this ground.

Second, Khobahy argues that summary judgment against Khobahy as a Guarantor is improper and premature because (1) it could be determined that TCB breached the loan contract between it and DR, meaning that the Guarantors would not have a debt to guarantee, and (2) Khobahy guaranteed DR's performance, not TCB's bad actions. The court agrees that Khobahy guaranteed DR's performance, not TCB's bad actions. If, at trial, TCB is found responsible to DR for its bad acts, and if TCB is found to have materially breached the loan documents before DR materially breached the applicable loan documents, then Khobahy, as a guarantor, would not have to reimburse TCB for its own bad acts. *See Mustang Pipeline Co. v. Driver Pipeline Co.*, 134 S.W.3d 195, 196 (Tex. 2004) ("It is a fundamental principle of contract law that when one party to a contract commits a material breach of that contract, the other party is discharged or excused from further performance."); *Henry v. Masson*, 333 S.W.3d 825, 835 (Tex. App. – Houston [1st Dist.] 2010, no pet); *Am. Bank of Waco v. Waco Airmotive, Inc.*, 818 S.W.2d 163, 171-72 (Tex. App. – Waco 1991, writ denied); *see also Zachry Constr. Corp. v. Port of Hou.*

2

*Auth. of Harris Cnty.*, 449 S.W.3d 98, 116 (Tex. 2014) (refusing to enforce a contract provision that would "incentivize wrongful conduct and damage contractual relations").

Third, Khobahy objects that the release of counterclaims that the Guarantors signed is "far too ambiguous to support summary judgment." Khobahy Obj., Dkt. # 174, at p. 4. The court disagrees. Khobahy signed a Covenant Default Forbearance agreement, in which Khobahy agreed to "release, relinquish and forever discharge [TCB] . . . from any and all claims, demands, actions and causes of actions of any and every kind or character . . . ." *See* Agreement, Dkt. # 104-2, at p. 77. "Courts construe unambiguous guaranty agreements as any other contract. . . . The interpretation of an unambiguous contract . . . is a question of law for the court." *Moayedi v. Interstate 35/Chisam Road, L.P.*, 438 S.W.3d 1, 6 (Tex. 2014). Just because a guarantor's waiver of claims is all-encompassing "does not mean that it is unclear or vague." *Id*. To waive all possible defenses or counterclaims "seems to very clearly indicate what defenses [or counterclaims] are included: all of them." *Id.* Such a waiver could not be clearer to even a layperson. *See id.* Moreover, in addition to dismissing Khobahy's counterclaims as released under the Covenant Forbearance Agreement, the Magistrate Judge demonstrated why each of Khobahy's claims failed on the merits, except for Khobahy's breach of contract counterclaim. Khobahy's objection is overruled.

## II. Hafezamini's Objections

First, like Khobahy, Hafezamini objects that the release of counterclaims is "far too ambiguous to support summary judgment." Hafezamini, Obj., Dkt. # 176, at p. 3. For the reasons stated above, this objection is overruled.[1]

---

[1] The court clarifies its dismissal on the merits of Hafezamini's claim for a declaration of common law partnership or its equivalent. To the extent Hafezamini's counterclaim against TCB for a declaration of common law partnership or its equivalent was not waived, it fails for the

3

Second, Hafezamini argues that the Magistrate Judge misstated the nature of his Pretrial Diversion Agreement and contends that the Magistrate Judge essentially interpreted the agreement as an admission to a felony. This court is aware that the indictment against Hafezamini was dismissed, is aware that individuals are presumed innocent until proven guilty, and knows what a Pretrial Diversion Agreement is. The court has not interpreted the Pretrial Diversion Agreement as a conclusive admission of a felony.

Third, Hafezamini adopts "DR's wrongful receivership arguments" asserted in DR's objections. Hafezamini Obj., Dkt. # 176, at p. 7. This is a conclusive, general objection, which does not indicate how the Magistrate Judge's Report and Recommendation was either clearly erroneous or contrary to law with respect to Hafezamini's claim, as required under Federal Rule of Civil Procedure 72 and the applicable case law. *See* Fed. R. Civ. P. 72.

Fourth, Hafezamini objects that his specific causes of action were "not related to the 'administration of the $4,000,000.00 Credit Facility].'" Hafezamini Obj. Dkt. # 176, at p. 8-9. It is unclear to the court exactly what Hafezamini is arguing. The only time the Magistrate Judge uses the words "administration of" are in reference to the "administration of the loan," which under the Floor Plan Note, was a loan for $4,000,000.00, and the Magistrate Judge only used those phrases in reference to the broad release of counterclaims that the Guarantors signed. *See*

---

same reason DR's claim fails. A debtor-creditor relationship alone does not create a fiduciary relationship. *See Thigpen v. Locke*, 363 S.W.2d 247, 253 (Tex. 1962); *see also Wil-Roye Inv. Co. II v. Wash. Mut. Bank, FA*, 142 S.W.3d 393, 410 (Tex. App. – El Paso 2004, no pet) ("Likewise, the relationship between a borrower and lender is usually neither a fiduciary relationship nor a special relationship.") (citing *Thigpen*, 363 S.W.2d at 253). Although excessive lender control or influence in the borrower's business activities could result in a fiduciary relationship, neither DR nor Hafezamini pled breach of fiduciary duty. The mere facts that TCB lent DR money and that Hafezamini was a guarantor to the loan agreement between TCB and DR do not create a fiduciary relationship or common law partnership. Thus, Hafezamini cannot prevail on a claim against TCB for a declaration of a common law partnership or its equivalent.

R&R, Dkt. # 173; *see also* Release of Counterclaims, Dkt. # 104-2, at p. 77. However, as discussed above, the Magistrate Judge dismissed all of the these counterclaims on the merits, in addition to dismissing as waived under the release, so this objection as overruled as moot.

Finally, Hafezamini, like Khobahy, argues that summary judgment against Hafezamini under the unlimited guaranty is improper and premature because (1) it could be determined that TCB breached the loan contract between it and DR, meaning that the Guarantors would not have a debt to guarantee, and (2) Hafezamini guaranteed DR's performance, not TCB's bad actions. The court agrees that Hafezamini guaranteed DR's performance, not TCB's bad actions. As discussed above, if, at trial, TCB is found responsible to DR for its bad acts, and if TCB is found to have materially breached the loan documents before DR materially breached the applicable loan documents, then Hafezamini, as a guarantor, would not have to reimburse TCB for its own bad acts. *See Mustang Pipeline Co.*, 134 S.W.3d at 196; *Henry*, 333 S.W.3d at 835; *Am. Bank of Waco*, 818 S.W.2d at 171-72; *see also Zachry Constr. Corp.*, 449 S.W.3d at 116.

### III. DR's Objections

First, DR objects to several allegedly incorrect recitations of facts in the Report and Recommendation and requests for the District Court to review the Record. Specifically, argues that the Report and Recommendation's recital that "The indictment also sought a general forfeiture of all of the assets of DR related to the criminal activity" is incorrect. *See* R&R, Dkt. # 173, at p. 7. However, the Indictment does seek a forfeiture of all "property, real, or personal, involved in the offense or traceable to such property." Ex. W to Dkt. # 116, at p. 6. This objection is overruled.

Second, DR makes several objections to the court's rulings regarding the Report and Recommendation's findings related to the state court receivership order. The undersigned has

5

already explained why DR's attempts to collaterally attack the state court receivership order fail. *See* Dkt.# 264; *see also* Dkt. # 168, 173. &193. DR's objections regarding receivership are overruled.

Third, DR objects that any ruling on the issue of direct versus consequential damages is premature until the district court hears the evidence at trial. The court has already agreed with DR on this issue. *See* Dkt. ## 255, 261. This objection is overruled as moot.

## IV.   TCB's Objections

First, TCB argues that the Report and Recommendation overlooks DR's express release of its breach of contract claim. TCB Obj., Dkt. # 177, at p. 2. The Report and Recommendation holds that in a June 2011 Covenant Default Forbearance agreement, "all Guarantors released all present and future claims in part relating in any manner to the extension, negotiation, or administration of the [DR-TCB] loan." R&R, Dkt. # 173, at p. 21-22. TCB argues that the Report and Recommendation overlooks that DR executed the same release as the Guarantors and that DR's breach of contract claim thus is barred by the same release that bars the Guarantors' claims.

DR did sign the same release as the guarantors. *See* Agreement, Dkt. # 104-2, at p. 76-78. However, the Covenant Default Forbearance agreement waived claims arising from "any act, event or relationship occurring or existing at any time through the date [the Covenant Default Forbearance Agreement was] executed." *See* Agreement, Dkt. # 104-2, at p. 77. It appears that DR was only waiving claims through the date the Covenant Default Forbearance Agreement is entered. The Covenant Default Forbearance Agreement was entered June 22, 2011. *See* Agreement, Dkt. # 104-2, at p. 76. In September 2011, DR and TCB entered a Loan Modification, Renewal, and Extension Agreement, again putting the provisions, and thus DR's

breach of contract claim before the court. Therefore, DR's signing of the Covenant Default Forbearance Agreement did not bar DR's breach of contract counterclaim against TCB as a matter of law. Moreover, as discussed in detail in the Order Re: Issues to Be Tried (Dkt. # 255), even were this to be construed as a purported release of TCB's future wrongful breach of contract, Texas courts will not enforce a contractual provision that incentivizes a party's intentional wrongful conduct. *See Zachry Constr. Corp.*, 449 S.W.3d at 116. This objection is overruled.

Second, TCB argues that DR's contract claim is barred as a matter of law by DR's undisputed prior material breaches of the loan agreement. TCB Obj., Dkt. # 177, at p. 3. Whether a breach is material is a question of fact. *Henry*, 333 S.W.3d at 835. This objection is overruled, as the court must reserve this decision for trial.

Third, TCB argues that TCB did not breach the loan agreement by declaring a default. TCB Obj., Dkt. # 177, at p. 6. Whether TCB declared itself insecure in good faith is a question of fact which must be reserved for trial. *See, e.g.*, *Am. Bank of Waco*, 818 S.W.2d at 171 (sending question of good faith to the jury when undisputed evidence did not establish good faith). This objection is overruled.

Fourth, TCB argues that DR waived any consequential damages and has no recoverable damages. TCB Obj., Dkt. # 177, at p. 7. As discussed in this order and in prior orders, the court has reserved the issue of damages for trial in light of its analysis of *Zachry*. 449 S.W.3d at 116. This objection is overruled.

Finally, TCB objects to two specific sentences in the Report and Recommendation, "to the extent they are construed as findings." TCB Obj., Dkt. # 177, at p. 8. Specifically, TCB objects to the statement that "TCB . . . knew of the cash deals being made and not reported

according to treasury regulations" and that "TCB knew [the AFC] financing was not going forward" and "was well apprised that the issue regarding AFC's potential financing was a nonissue since TCB would not sign an Inter Creditor Agreement." These are findings of fact that are better reserved for decision by the District Judge, as trier of fact, in the bench trial. In so ruling, however, the court is not necessarily ruling that it will not make the same findings of fact at trial.

So **ORDERED** and **SIGNED** this **10** day of **August, 2015.**

                                                              Ron Clark, United States District Judge